UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SERLANDING CROWLEY #704755, JR,

             Plaintiff,                      Case No. 2:23–cv–00135–MV

    vs.                                  Hon. Maarten Vermaat

M. LEACH, et al.,

             Defendants.

_____/

## ORDER REGARDING EARLY MEDIATION CONFERENCE

This is a civil rights action brought by a state prisoner that was previously referred to the Court's *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program ("Program").

The Program contemplates that an action will be stayed for 120 days to allow the parties to participate in mediation, with extensions of the 120–day period available where needed. However, the Court recognizes that, due to the success of the Program, the number of cases awaiting mediation has surpassed the Court's capacity to conduct mediations within 120 days. The stay is hereby extended to allow the parties to participate in mediation. The Court appreciates the patience and cooperation of the parties as it works toward finding a solution.

To better serve the parties and the public, the Court is engaged in a comprehensive initiative to improve the time in which cases are mediated through the Program. Part of that initiative includes offering parties the opportunity to mediate more quickly with the assistance of a United States Magistrate Judge or a United States Bankruptcy Judge skilled in mediation. Like an attorney mediator, the judge will serve solely as a neutral party with no stake in the outcome of the case. As a mediator, the judge will not make any decisions related to the case and will have no involvement in the case following mediation.

**If you are willing to participate in mediation with the assistance of a United States Magistrate Judge or a United States Bankruptcy Judge, there is no need to notify the Court. If you do <u>not</u> wish to participate in mediation with a United States Magistrate Judge or a United States Bankruptcy Judge, you must complete, sign, and return the attached form to the ADR Administrator within 14 days of the date of entry of this Order.** Choosing not to participate in mediation with a judge does <u>not</u> remove your case from the Program. Should any party opt out of mediation with a judge, the case will be scheduled for mediation with an attorney mediator in the normal course.

The Court is also working diligently to schedule all cases for mediation as soon as possible. To expedite scheduling, the parties are encouraged to send the following documents to the ADR Administrator as soon as possible:

    1.  **Mediation Statement.**  The mediation statement must be <u>submitted to the ADR Administrator **and** the attorney(s) for the opposing party</u> (typically the Assistant Attorney General).  A form that may be used for this purpose is attached to this order. The mediation statement is limited to five (5) pages and should contain a brief statement about the nature of the case and a brief discussion of disputed factual, legal, damages and evidentiary issues.  Exhibits are limited to five (5) pages.  The envelope containing the mediation statement must clearly state, "Contains Mediation Statement."

2.  **Mediation Supplement.**  The mediation supplement must be <u>submitted to the ADR Administrator **only**</u>. A form that may be used for this purpose is attached to this order.  The mediation supplement is limited to 1–2 pages and should contain a discussion of the party's strongest points, an honest discussion of the weakest points, realistic settlement options, including both monetary and non–monetary options, and a brief discussion of anything else that is important for the mediator to know before starting the mediation. The <u>mediation supplement will be viewed only by the mediator and is not to be shared with, or sent to, the opposing side</u>.   The envelope containing the mediation supplement must clearly state, "Contains Mediation Supplement."

  The mediation statements and supplements are for mediation purposes only, and are not to be filed or e–filed with the judge or Clerk's Office. The ADR Administrator will send the mediation statements and supplements to the mediator when one is assigned.

  All documents may be sent to the ADR Administrator at the following address:

U.S. District Court
ADR Administrator
399 Federal Bldg.
110 Michigan St. NW
Grand Rapids, MI 49503

  To further assist the parties in preparing for mediation, please see the attached list of "frequently asked questions."

  IT IS SO ORDERED.


Dated:  March 7, 2024      <u>   /s/ Maarten Vermaat         </u>
           MAARTEN VERMAAT
           U.S. Magistrate Judge

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN                   Page 1 of ___
SERLANDING CROWLEY #704755, JR v. M. LEACH, et al.                     Case No. 2:23–cv–00135–MV

# MEDIATION STATEMENT

*Note:   The mediation statement is limited to <u>five (5) pages</u> and should contain a brief statement about the nature of the case and a brief discussion of disputed factual, legal, damages and evidentiary issues.   Exhibits in support are limited to five (5) pages.   The envelope containing this document must clearly state, "Contains Mediation Statement."   Send the Mediation Statement to the ADR Administrator <u>and</u> the opposing party.   This document is for purposes of mediation only and <u>is not to be filed</u> in the case.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Dated: _____        Signature: _____

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN

SERLANDING CROWLEY #704755, JR v. M. LEACH, et al.

Page 1 of ___

Case No. 2:23–cv–00135–MV

## MEDIATION SUPPLEMENT
### (For Mediator's Eyes Only)

*Note: The mediation supplement is limited to <u>one or two (1–2) pages.</u>  <u>It is not to be shared with, or sent to, the opposing side.</u>  It should contain a discussion of the party's strongest points, an honest discussion of the weakest points, realistic settlement options you believe would be fair, including both monetary and non–monetary solutions, and a brief discussion of anything else that is important for the mediator to know before starting the mediation.  The envelope containing the mediation supplement must clearly state, "Contains Mediation Supplement" and is to be <u>submitted to the ADR Administrator only.</u>  This document is for purposes of mediation only and is <u>not to be filed</u> in the case.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Dated: _____    Signature: _____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

SERLANDING CROWLEY #704755, JR,

          Plaintiff,                    Case No. 2:23–cv–00135–MV

v.                                     Hon. Maarten Vermaat

M. LEACH, et al.,

          Defendants.

_____/

**OPTIONAL STATEMENT REJECTING U.S. MAGISTRATE JUDGE
OR U.S. BANKRUPTCY JUDGE AS MEDIATOR**

By completing, signing, and returning this form, I hereby indicate that I am not willing to have a United States Magistrate Judge or United States Bankruptcy Judge serve as the neutral mediator in this case.

Dated: _____

                                         _____
                                         Signature

                                         _____
                                         Printed Name

***Pro Se* Prisoner Civil Rights Litigation Early Mediation Program**
**<u>Frequently Asked Questions</u>**

**1.  What is the purpose of the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program?**

The *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program provides parties with an opportunity to work together to reach a reasonable resolution of the case before the parties begin the long and often unpredictable process of litigation.

**2.  What is mediation?**

Mediation is a flexible, voluntary, and confidential process in which a neutral person (the mediator) helps the parties to try and resolve a dispute.

**3.  Why mediate instead of going to trial?**

Mediation gives both parties the opportunity to be heard and to listen to the opposing party's point of view. It allows the parties to resolve their dispute sooner and often offers the parties more flexibility to explore a variety of ways to settle the case. In mediation you can negotiate a more creative solution that, if accepted by the other side, may be far more satisfactory than any outcome in court.

**4.  Who are the mediators and what does the mediator do?**

The mediator is a neutral party who has no stake in the outcome of the case. The mediator assigned to your case may be a magistrate judge (or bankruptcy judge) who is not involved in the case or a lawyer who has received mediation training and has agreed to provide their services without a cost to the parties.

The mediator's job is to remain neutral. That means that the role of the mediator is to create an environment where the parties can honestly discuss the issues that need to be resolved. The mediator does not take sides, provide legal advice or make decisions for the parties. The mediator can help the parties focus on the real issues of the case, help the parties identify shared concerns, identify the strengths and weaknesses of each party's position, challenge the parties by asking tough questions, identify areas of agreement, and help generate settlement options.

**5.  What is the benefit of mediation if the case does not settle?**

Early mediation allows the parties an opportunity to speak honestly with one another in an informal and confidential environment. Even if the case does not settle, the process can help the parties understand their claims and defenses.

**6.  Will the mediator report to the judge what happened in the mediation?**

No. The mediation process remains confidential unless all parties specifically give the mediator permission to share information discussed in mediation. The mediator does not report what happened during mediation or share the mediation statements with the district or magistrate judges assigned to the case. The mediator will only report to the Court that the case did or did not settle.

**7.  What types of settlement options are available?**

Mediation gives the parties the chance to find creative solutions to their problems. Some examples of settlements may be health services or equipment, dietary changes or access to the library. Settlements may or may not include waiver of the court filing fee and payment of money damages. A settlement is a compromise where neither party may be completely satisfied with the result, but both have given something up, have received something in return, and both can live with the outcome.

**Early parole, a pardon, commutation of your sentence, sentence reduction, some**

**goods from outside vendors, and specific requests for individual items from the prison store are <u>not</u> available forms of settlement in mediation.**

8.  **What happens if the parties agree to a settlement?**

If the parties reach a settlement, the terms of the settlement will be placed on the record by the Court on the same day. The parties must state that they understand and agree to the settlement terms. The settlement will be binding, and the Court will enter an order dismissing the case. Although the case is dismissed, the Court will still have the power to enforce the terms of the settlement.

9.  **What happens if the parties don't settle?**

If the parties do not reach a settlement agreement, the mediator will report to the Court that the parties were unable to reach a settlement. There are no negative consequences to the parties. If there is no settlement, the case will proceed in the normal manner.